**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
PAUL J. LOZIER, JR.,            :     Hon. Robert B. Kugler
                                :
            Petitioner,         :     Civil Action No. 06-1242 (RBK)
                                :
      v.                        :
                                :
CHARLES E. SAMUELS,             :     OPINION
                                :
            Respondent.         :
_____:
```

**APPEARANCES**:

    PAUL J. LOZIER, JR., #23804-038
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**KUGLER**, District Judge

Paul J. Lozier, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the supervised release portion of his federal sentence. Having thoroughly reviewed Petitioner's submissions, this Court summarily dismisses the Petition for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner challenges the imposition of five years of supervised release, in addition to a 30-month term of incarceration, by the United States District Court for the District of Massachusetts. See United States v. Lozier, Crim. No. 01-0348 (DPW) amended judgm. (D. Mass. April 15, 2005). On

April 15, 2005, the Hon. Douglas P. Woodlock, U.S.D.J., issued an amended judgment sentencing Petitioner to a 30-month term of imprisonment, five years of supervised release, and a special assessment. (Id.)  Petitioner appealed and the United States Court of Appeals for the First Circuit affirmed on February 7, 2006.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging the supervised release portion of his sentence. Specifically, he asserts:

> Following a guilty verdict by plea agreement for conspiracy to distribute and possession with intent to distribute a controlled substance . . . , the United States District Court for the District of Massachusetts pronounced a sentence and entered judgement of 30 months of imprisonment, then subsequently sentenced the Petitioner again to a five (5) year term of "Supervised Release."  The Petitioner asserts that in light of the fact that the District Court sentenced him to serve 30 months incarceration, then sentenced him again to a second term of "punishment" of (5) years Supervised Release.  The Petitioners sentence the way i[t] is, is being executed unconstitutionally.  The District Court lacked authority to punish him twice for the same offense; and as a direct result the warden, Charles E. Samuels by enforcing the judgement is a violation of the Petitioner Fifth Amendment Right that guarantees protection against double jeopardy.

(Mem. in Support of Petition at 1-2.)

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

B. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test

the legality of the petitioner's detention.[1]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539; see In re Dorsainvil, 119 F.3d at 251 ("[A]llowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255").

In this case, Petitioner argues that the imposition of a five-year term of supervised release after a 30-month term of imprisonment violates the Double Jeopardy Clause. It is clear that this claim is within the scope of claims that are cognizable under § 2255. However, Petitioner has not demonstrated that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. Because the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief

the prisoner is seeking," § 2255 is not inadequate or ineffective and this Court lacks jurisdiction over Petitioner's challenge to his sentence. <u>Leguillou</u>, 212 F.2d at 684. This Court will summarily dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

Because § 2255 is not inadequate or ineffective for Petitioner's claim, this Court lacks jurisdiction under § 2241. The Court dismisses the Petition.


                                    s/Robert B. Kugler
                                    **ROBERT B. KUGLER, U.S.D.J.**


Dated:      March 28th      , 2006

7